UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24215-BLOOM/Reid

SAMSUNG ELECTRONICS
LATINOAMERICA (ZONA LIBRE),
S.A.,

      Petitioner,

v.

MV COMMUINCATIONS GROUP, INC.,
(PANAMA), and MV COMMUNICATIONS
GROUP, SOCIEDAD DE RESPONSABILIDAD
LIMITADA (COSTA RICA)

      Respondents.
_____/

**ORDER ON MOTION TO DISMISS PETITION TO ENFORCE INTERNATIONAL ARBITRATION AWARD**

**THIS CAUSE** is before the Court upon Respondents MV Communications Group., (Panama) ("MV Panama") and MV Communications Group, Sociedad De Responsabilidad Limitada (Costa Rica)'s ("MV Costa Rica") (collectively "Respondents") Motion to Dismiss Petition to Enforce International Arbitration Award ("Motion"), ECF No. [12]. Petitioner Samsung Electronics Latinoamerica (Zona Libre) S.A., ("Petitioner") filed a Response in Opposition ("Response"), ECF No. [15]. Respondents did not file a reply. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.   BACKGROUND**

This matter arises from a dispute over the enforceability of an arbitration award against Respondents. Following a dispute between Petitioner Samsung and Respondents MV Panama and MV Costa Rica regarding a 2016 and a 2017 agreement for the sale of electronic products,

Petitioner initiated an arbitration proceeding against Respondents. ECF No. [15] at 2-3. In February of 2022, "the arbitral tribunal issued the final award." *Id.* at 3. Several years after the issuance of the award, Petitioner filed the instant Petition on October 29, 2024, seeking to enforce the arbitral award against Respondents. ECF No. [1]. In the Petition, Petitioner set forth two bases for personal jurisdiction. First, Petitioner alleges there is general personal jurisdiction over Respondents because "both MV Panama and MV Costa Rica 'are controlled from Miami-Dade County, Florida by [MV Florida] and thus have their principal places of business in Miami-Dade County, Florida.'" *Id.* at ¶ 2. Alternatively, Petitioner alleges

> The Court also has specific in personam jurisdiction over MV Costa Rica because MV Florida promoted and facilitated the negotiations and signing of the relevant Distribution and Sale Agreements between [] MV Costa Rica and Samsung, and likewise facilitated the transactions between the parties. [ ] MV Florida likewise negotiated and facilitated purchase orders and invoice payments at the request of MV Costa Rica.

*Id.* at ¶ 14. Notwithstanding those allegations, Respondents now seek to dismiss the Petition for lack of personal jurisdiction because (1) Respondents' principal place of business are not in Florida, and (2) Respondents have had virtually no contacts with the state. ECF No. [12]. Therefore, Respondents contend Petitioner cannot establish the minimum contacts requirement such that jurisdiction over this case would comport with due process.

Petitioner insists there is jurisdiction because, as stated in the Petition, Respondents are controlled by individuals who live and work in Florida, and there are more than sufficient minimum contacts with the state to satisfy the statutory and constitutional jurisdiction requirements. ECF No. [15] at 3-4.

## II.     LEGAL STANDARD

### A.  Rule 12(b)(2) Motion to Dismiss

A "plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co.*, 124 F.4th 1322, 1333 (11th Cir. 2025) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Vague and conclusory allegations do not satisfy this burden." *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018). Rather, a plaintiff must 'present enough evidence to withstand a motion for directed verdict.'" *Id.* (quoting *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)).

"Once the plaintiff pleads sufficient material facts to form a basis for in personam jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1388 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).

"Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "[T]he district court must construe all reasonable factual inferences in favor of the plaintiff to the extent that 'the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits.'" *N. Am. Sugar Indus.*, 124 F.4th at 1333 (quoting *Diamond Crystal Brands, Inc.*, 593 F.3d at 1257).

3

To determine whether a federal court sitting in diversity has personal jurisdiction over a nonresident defendant, the Court must consider two questions: (1) whether the law of the state in which it sits authorizes jurisdiction over the nonresident defendant; and (2) whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). "Both parts [of the test] must be satisfied for a court to exercise personal jurisdiction over a non-resident." *Am. Fin. Trading Corp. v. Bauer*, 828 So. 2d 1071, 1074 (Fla. 4th DCA 2002).

### i. Florida Long Arm Statute

This Court, sitting in diversity, must apply Florida's long-arm statute "'as would the Florida Supreme Court' and the Florida District Courts of Appeal, 'absent some indication that the Florida Supreme Court would hold otherwise.'" *Catalyst*, 748 F. App'x at 946 (quoting *Louis Vuitton*, 736 F.3d at 1352).

Florida's long-arm statute, Fla. Stat. § 48.193, "addresses both specific and general jurisdiction." *Caiazzo v. Am. Royal Arts Corp.*, 73 So. 3d 245, 250 (Fla. 4th DCA 2011). Section 48.193 states, in relevant part, that:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>  . . .
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>  . . .
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. §§ 48.193(1)(a) 1., (2).

4

Therefore, under Florida's long-arm statute, a defendant can be subject to personal jurisdiction in Florida in two ways: (1) "a defendant [can be subject] to specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida," and (2) "Florida courts may exercise general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated activity' in Florida." *Carmouche*, 789 F.3d at 1203-04 (citing Fla. Stat. §§ 48.193(1)(a), (2)); *see also Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *Sculptchair, Inc.*, 94 F.3d at 626.[1] If the requirements of the long-arm statute are satisfied, under either general jurisdiction or specific jurisdiction, then the court must also consider the federal Due Process Clause. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000).

### ii. Due Process Clause

To determine whether the exercise of personal jurisdiction would comport with the Due Process Clause, courts apply a three-part test which examines:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton*, 736 F.3d at 1355 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 474-75 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984); and *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, 'a defendant must make a

---

[1] The Eleventh Circuit has held that the reach of Florida's long-arm statute is a question of state law, and that federal courts must adhere to the statutory constructions offered by the Florida Supreme Court and Florida's District Courts of Appeal. *See Louis Vuitton Malletier, S.A.*, 736 F.3d at 1352.

compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.'" *Louis Vuitton*, 736 F.3d at 1355 (quoting *Diamond Crystal*, 593 F.3d at 1267). When considering whether jurisdiction comports with traditional notions of fair play and substantial justice, courts must balance "(a) the burden on the defendant; (b) the forum state's interest in adjudicating the dispute; (c) the plaintiff's interest in obtaining convenient and effective relief; (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (e) the shared interest of the several states in furthering fundamental substantial social policies." *Id.* at 1251 (citing *Burger King*, 471 U.S. at 466).

### III. DISCUSSION

#### A. Personal Jurisdiction

Respondents argue this Court lacks personal jurisdiction and maintain that general personal jurisdiction is not satisfied because MV Costa Rica's principal place of business is in Costa Rica and MV Panama's principal place of business is in Panama. ECF No. [12] at 6.

Respondents contend the minimum contacts requirement to establish personal jurisdiction has not otherwise been satisfied either, as Respondents have virtually no contacts with the state of Florida. There is no allegation that Respondents "conducted business in Florida, serviced customers in Florida, directed any marketing specifically aimed at Florida, or that anything at all occurred in Florida." *Id.*[2] Respondents point out the mere fact that Respondents "are 'controlled' by MV Florida" is insufficient to satisfy the constitutional minimum contacts requirement because "jurisdiction over a Florida parent corporation [does] not equate to personal jurisdiction over a foreign subsidiary." *Id.* While Respondents acknowledge there is an exception when the subsidiary

---

[2] Respondents specifically assert that neither the underlying negotiations and execution of the contracts at issue in the arbitration proceedings, nor the arbitration proceedings themselves, took place in Florida. ECF No. [12] at 3.

6

is an alter ego or "mere instrumentality" of the parent corporation, Respondents assert that Petitioner has not pled facts that would permit jurisdiction under an alter ego theory. *See id.* at 7. As such, Respondents insist this action must be dismissed. *Id.*

Petitioner responds that it has adequately asserted both general and specific personal jurisdiction over Respondents. ECF No. [15] at 1. Petitioner contends general jurisdiction is satisfied because Carlos Gonzalez, a resident of Florida his entire life, was the sole owner, president, and legal representative of MV Panama and MV Costa Rica, and worked from Miami when acting on behalf of Respondents. *See id.* at 4-5. No other officers or directors "managed or controlled the companies;" Gonzalez[3] "was the only person who controlled either and called all the shots with respect to each." *Id.* at 5. As such, Petitioner contends that both Respondents were wholly controlled and managed in Florida and, therefore, Respondents' true principal place of business or "nerve center" was in Florida, not Panama or Costa Rica. *See id.* at 11-12.

Moreover, Petitioner insists that because Gonzalez and other MV Florida employees carried out Respondents' business activities in Florida, there is also specific personal jurisdiction. *Id.* at 12. Regarding MV Panama, Petitioner points to an email Gonzalez wrote where he stated "that MV Panama has 'no activity in Panama' and 'everything is 100% controlled from Miami.'" *Id.* at 16. (quoting ECF No. [15-10] at 3). Furthermore, Petitioner argues the following activities establish minimum contacts in Florida for both Respondents: (1) Gonzalez "handled the negotiations for the relevant agreements with Samsung while residing in Florida" and Respondents provided MV Florida employees as their respective contacts for their business dealings with

---

[3] Petitioner states Carlos Gonzalez's full name is Carlos Gonzalez Veas. ECF No. [15] at 4. For reasons unknown, Petitioner switches from referring to him as "Gonzalez" and "Veas" at different points in its brief. For the sake of clarity, the Court will only refer to Carlos Gonzalez Veas as "Gonzalez" even where Petitioner refers to him as Veas.

7

Samsung;" (2) "MV Florida was the notification party for both Respondents, and at least in some instances, Samsung delivered products to Respondents in Miami, Florida; (3) MV Florida frequently paid invoices from Samsung on behalf of [Respondents];" (4) "Respondents used MV Florida servers in Miami to host their respective emails;" (5) all of Respondents' email communications to Samsung included at least one MV Florida employee as the sender or recipient; (6) MV Florida provided shipping information on behalf of Respondents; and (7) Respondents retained a Miami-based law firm to represent them in the underlying arbitration and had Gonzalez instruct the firm from Miami. ECF No. [15] at 6-8.

### i. *Prima Facie* Case of Personal Jurisdiction

To establish personal jurisdiction, Petitioner has the initial burden of "alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *N. Am. Sugar Indus.*, 124 F.4th at 1333 (quoting *Mazer*, 556 F.3d at 1274). First, Petitioner must establish that Respondents are within the reach of Florida's long-arm statute, which provides for both general and specific personal jurisdiction. *See Louis Vuitton*, 736 F.3d at 1352. Petitioner originally alleged that Respondents are controlled from Miami-Dade, Florida by MV Florida. Under the "nerve center" test, the principal place of business is determined by "where a corporation's officers direct, control, and coordinate the corporation's activities." *SRAM, LLC v. FOX Factory, Inc.*, No. 1:23-CV-00492-SCJ, 2024 WL 3325539, at *3 (N.D. Ga. Mar. 6, 2024). Accordingly, by alleging that Respondents' corporate activities are controlled by a Florida entity that operates and carries out the business decisions in Florida, Petitioner has satisfied the general personal jurisdiction portion of Florida's long arm statute.

Petitioner also sufficiently alleges the specific personal jurisdiction necessary to establish a *prima facie* case. Petitioner asserts that MV Florida facilitated and negotiated the relevant underlying contracts with Petitioner on behalf of Respondents. Because the specific jurisdiction

provision of Florida's long-arm statute is satisfied if the parties' contact in the forum gives rise to the suit, the fact that the underlying contacts between Petitioner and Respondents were negotiated in Florida[4] means the burden shifts to Respondents to refute Petitioner's allegations of general and specific personal jurisdiction.

## ii. Respondent's Response to Personal Jurisdiction Allegations

To rebut Petitioner's personal jurisdiction allegations, Respondents offer affidavits from Gonzalez, the representative of both MV Costa Rica and MV Panama. Regarding MV Costa Rica, Gonzalez asserts that the company is "registered under the laws of Costa Rica, with its principal place of business in Costa Rica." ECF No. [12] at 9. Gonzalez further maintains that

> MV Communications Group (Costa Rica) provides services exclusively to customers outside of the United States . . . has no offices and owns no property in Florida, [the company] is not registered to do business in Florida, holds no Florida licenses, has no employees or customers in Florida, [ ] has not directed any marketing specifically aimed at Florida[, and n]o employees of MV Communications Group (Costa Rica) have visited Florida for business purposes.

*Id.* at 9-10. Gonzalez asserts that neither the negotiations of the underlying contracts nor the subject arbitration took place in Florida, the company never consented to Florida jurisdiction, and "MV Communications Group, Inc. (MV Florida) does not own a controlling stake in MV Communications Group (Costa Rica)." *Id.* at 10. Gonzalez also signed an affidavit making virtually the same representations regarding MV Panama. The only difference being that Gonzalez asserted that MV Panama is incorporated and has its principle in Panama, not Costa Rica. *See id.* at 12-13.

The Court finds Gonzalez's affidavits are sufficient to rebut Petitioners allegations of general and specific personal jurisdiction. Accordingly, the burden of establishing jurisdiction

---

[4] The Court also notes that the MV Florida conducted other relevant business activities in Florida on Respondents' behalf such as facilitating and negotiating purchase orders for Petitioner's products.

9

shifts back to Petitioner. Therefore, Petitioner must provide sufficient evidence to establish personal jurisdiction.

### iii. Petitioner's Evidence of Jurisdiction (General Jurisdiction)

General jurisdiction arises from a nonresident defendant's contacts with the forum state that are unrelated to the cause of action being litigated. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000). Under Florida's long-arm statute, courts may exercise general personal jurisdiction over any defendant "who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2).

Furthermore, the Eleventh Circuit has determined that the reach of general jurisdiction under Fla. Stat. § 48.193(2) "extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Carmouche*, 789 F.3d at 1204 (quoting *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)). As such, for the purposes of determining general jurisdiction, the general jurisdiction analysis and the Due Process analysis are one and the same, and the Court only needs to determine whether the exercise of general jurisdiction over Defendant would exceed constitutional bounds. *See Carmouche*, 789 F.3d at 1204; *easyGroup Ltd.*, 2020 WL 5500695, at *14.

"The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000) (citing *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1057 (11th Cir. 1986)). Thus, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117,

10

137 (2014). However, "[a] corporation's place of incorporation and its principal place of business are 'paradigm all-purpose forums.'" *Carmouche*, 789 F.3d at 1204 (quoting *Daimler AG*, 571 U.S. at 137).

The Court finds that general personal jurisdiction exists here, notwithstanding that Respondents do not have offices in Florida because Respondents' principal place of business is in Florida. *Cf. SRAM, LLC v. Fox Factory*, 2024 WL 3325539, at *3 (N.D. Ga. Mar. 6, 2024) ("A company's 'principal office address' need not be synonymous with its 'principal place of business.'"). Petitioner has provided sufficient evidence by way of Gonzalez's deposition and Respondents' response to interrogatories to satisfy Florida's long-arm statute governing general personal jurisdiction. Petitioner has proven that Gonzalez resided in Miami, Florida, and was the sole owner, president, and legal representative of both MV Costa Rica and MV Panama with no other officers or directors managing or controlling the companies. *See* ECF No. [15] at 4-5 (citing ECF No. [15-1] at 18:24-19:8, 36:20-37:12, 8:24-19:8, 23:5-24:21, 36:20-37:12, 61:8-14. [15-2] (MV Panama interrogatory answer Number 4), [15-3] (MV Costa Rica interrogatory answer number 4). Gonzalez, alone, called all the shots for both Respondents and made those decisions in Florida. *See id.* at 5 (citing ECF No. [15-1] at 24:21-26:13, 89:19-24, 92:8-17).

The United States Supreme Court has determined that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is . . . the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 93-94 (2010). "The nerve center does not necessarily lie where "the bulk of a company's business activities visible to the public take place," that is, if the direction and control of those business activities occur from a location in another state." *Cail v. Joe Ryan Enters., Inc.*, 65 F. Supp. 3d 1288, 1292 (M.D. Ala. 2014) (citing *Hertz*, 559 U.S. at 96); *see also Free Speech Found.,*

*Inc. v. Gold*, No. 2:22-CV-714-SPC-NPM, 2022 WL 17451986, at *1 (M.D. Fla. Dec. 6, 2022) ("The nerve center is where high-level corporate decisions are made, not the location of day-to-day operations") (citing *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014)). Accordingly, since Gonzalez resides in Miami, Florida, and he managed the business operations and made most, if not all, of the corporate decisions from Florida, Respondents' "nerve center" are both located in Florida. Therefore, Respondents are "at-home" in Florida, meaning that the Court may exercise general personal jurisdiction over Respondents.[5]

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Respondents' Motion**, ECF No. [12],** is **DENIED**.

2. Respondents must file an Answer to the Petitioner's Petition to Enforce Arbitration Award **no later than July 18, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 7, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[5] Because the Court finds that general personal jurisdiction exists, there is no need to conduct a specific personal jurisdiction analysis.