**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-24215-BLOOM/Reid**

SAMSUNG ELECTRONICS
LATINOAMERICA (ZONA LIBRE),
S.A.,

       Petitioner,

v.

MV COMMUINCATIONS GROUP, INC.,
(PANAMA), and MV COMMUNICATIONS
GROUP, SOCIEDAD DE RESPONSABILIDAD
LIMITADA (COSTA RICA)

       Respondents.

_____/

<u>**ORDER ON PETITION TO ENFORCE INTERNATIONAL ARBITRATION AWARD**</u>

       **THIS CAUSE** is before the Court upon Petitioner Samsung Electronics Latinoamerica (Zona Libre) S.A., ("Petitioner") Petition to Enforce [the] International Arbitration Award. ECF No. [1], against Respondents MV Communications Group., (Panama) ("MV Panama") and MV Communications Group, Sociedad De Responsabilidad Limitada (Costa Rica)'s ("MV Costa Rica") (collectively "Respondents"). The Court has reviewed the Petition, the record, and is otherwise fully advised. For the reasons that follow, the Petition to Enforce the Arbitration Award is granted.

**I.    BACKGROUND**

       This matter arises from a dispute over the enforceability of an arbitration award against Respondents. Following a dispute between Petitioner Samsung and Respondents MV Panama and MV Costa Rica regarding a 2016 and a 2017 agreement for the sale of electronic products, Petitioner initiated an arbitration proceeding against Respondents. ECF No. [15] at 2-3. In

February of 2022, "the arbitral tribunal issued the final award." *Id.* at 3. On October 29, 2024, Petitioner filed the instant Petition seeking to enforce the arbitral award against Respondents. ECF No. [1]. While Respondents moved to dismiss the Petition for lack of personal jurisdiction, ECF No. [12], the Court denied the Motion to Dismiss and ordered Respondents to file an Answer to the Petition. ECF No. [17].

On July 17, Respondents filed their Answer, wherein they conceded "that a final international arbitration award under the Inter-American Convention on International Commercial Arbitration was entered by an arbitral tribunal seated in the Republic of Panama, and that neither [ ] Respondent has paid the award or challenged the award in any jurisdiction." *Id.* at 2. Respondents further acknowledged that "[t]his Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction, 28 U.S.C. § 1331, under Chapter 3 of the FAA implementing the InterAmerican Convention, 9 U.S.C. §§ 301 *et seq.*" *Id.* at ¶ 12; *see also* ECF No. [1] at ¶ 12.

In its Reply, Petitioner points out that, while Respondents filed an Answer to the Petition, they "have not asserted any grounds to deny or delay enforcement of the final award under the Convention. Accordingly, the final award should be summarily enforced." ECF No. [19].

## II.  LEGAL STANDARD

The Supreme Court has recognized an "emphatic federal policy in favor of arbitral dispute resolution," and the Eleventh Circuit has recognized a "heavy presumption in favor of confirming arbitration awards."[1] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985); *Riccard v. Prudential Ins. Co. of Am.*, 307 F.3d 1277, 1288 (11th Cir.2002), *see also Dean*

---

[1] Although Petitioner seeks "enforcement" of the arbitral award rather than "confirmation" "[c]onfirmation under the FAA is essentially the same as recognition and enforcement under the New York Convention. Indeed, § 207 of the FAA uses confirmation interchangeably with recognition and enforcement[.]" Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A., 66 F.4th 876, 882 (11th Cir. 2023)

*Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985) (noting that where parties have seen fit to adopt arbitration clauses in their agreements, there is a "strong federal policy in favor of enforcing [them]"). Since the United States' accession to the New York Convention in 1970 "and the implementation of the Convention in the same year by amendment of the Federal Arbitration Act, that federal policy applies with special force in the field of international commerce." *Mitsubishi Motors*, 473 U.S. at 631; *see also Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999) ("The adoption of the Convention by the United States promotes the strong federal policy favoring arbitration of disputes, particularly in the international context."). Chapter 2 of the Federal Arbitration Act ("FAA") ratifies and incorporates the New York Convention. *See* 9 U.S.C. §§ 201-208; *see also Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1290 (11th Cir. 2004). "Chapter 3 transposes into federal law the Inter-American Convention on International Commercial Arbitration (the "Panama Convention"). *Wilson v. Carnival Corp.*, Civil Action No. 22-22492-Civ, 2022 WL 17250521, *2 (S.D. Fla. Nov. 28, 2022). "Both treaties govern the process by which courts recognize and enforce foreign arbitral awards. However, the Panama Convention displaces the New York Convention whenever 'a majority of the parties to the arbitration agreement are citizens of a State or States that have ratified or acceded to' it." *Id.* (citing 9 U.S.C. § 305; *Técnicas Reunidas de Talara S.A.C. v. SSK Ingenieria y Construccion S.A.C.*, 40 F.4th 1339, 1344 (11th Cir. 2022)). Here, all the parties to this action are citizens of states that have ratified the Panama Convention and, as such, the Panama Convention governs. *See Signatory Countries of the Panama Convention*, https://www.oas.org/juridico/english/sigs/b-35.html (listing the United States, Panama, and Costa Rica as signatories to the Panama Convention).

"To obtain recognition and enforcement of an arbitration award under the Convention, at the time of the application, a petitioner must provide: (1) the duly authenticated original award or a duly certified copy thereof; and (2) the arbitration agreement or a duly certified copy thereof." *Noble Prestige Limited v. Horn*, Case No. 20-82357-CIV, 2024 WL 2109045, at *1 (S.D. Fla. Apr. 3, 2024); *Pott v. World Cap. Props. Ltd.*, No. 1:21-CV-23942-JAL, 2024 WL 2874858, at *4 (S.D. Fla. Mar. 19, 2024), report and recommendation adopted, No. 21-23942-CIV, 2024 WL 3912299 (S.D. Fla. Aug. 23, 2024).[2] "[O]nce the proponent of the award meets his [ ] jurisdictional burden of providing a certified copy of the award and the arbitration agreement, he establishes a prima facie case for confirmation of the award." *Id.* (quoting *Czarina, LLC v. W.F. Poe Syndicate*, 358 F.3d 1286, 1292 n.3 (11th Cir. 2004)).

"[J]udicial review of an arbitration award is narrowly limited." *Davis v. Prudential Sec., Inc.*, 59 F.3d 1186, 1190 (11th Cir. 1995). Accordingly, "[w]hen reviewing an arbitration award, 'confirmation under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmations or grounds for refusal to confirm.'" *Chelsea Football Club Ltd. v. Mutu*, 849 F. Supp. 2d 1341, 1344 (S.D. Fla. 2012) (quoting *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007)); *see also Pochat v. Lynch*, No. 12–22397–CIV, 2013 WL 4496548, at *5 (S.D. Fla. Aug. 22, 2013) ("Indeed, 'judicial review of arbitration decisions is among the narrowest known to the law.'") (quoting *AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007)) (citation and internal quotation marks omitted). A "district court must

---

[2] Although Article IV is only contained in the New York Convention, 9 U.S.C. § 302 incorporates the jurisdictional requirement of the New York Convention by reference. *See Sigma Constructors, S.A. v. Republic of Guatemala*, No. 22-CV-1674-TSC-MAU, 2025 WL 485403, at *4 (D.D.C. Feb. 13, 2025) ("Indeed, the FAA chapter enforcing the Panama Convention expressly incorporates the provisions enforcing the New York Convention on jurisdiction, venue, removal, and confirmation of an arbitral award, among other things.").

confirm the arbitral award unless a party 'successfully asserts one of the seven defenses against enforcement of the award enumerated under Article V of the [Panama Convention].'" *Cvoro v. Carnival Corp.*, 941 F.3d 487, 495 (11th Cir. 2019) (quoting *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998)). A party may prevent the enforcement of an arbitral award if the party successfully establishes that:

[1] The parties to the agreement were subject to some incapacity under the applicable law or that the agreement is not valid under the law to which the parties have submitted it, or, if such law is not specified, under the law of the State in which the decision was made; or

[2] The party against which the arbitral decision has been made was not duly notified of the appointment of the arbitrator or of the arbitration procedure to be followed, or was unable, for any other reason, to present his defense; or

[3] The decision concerns a dispute not envisaged in the agreement between the parties to submit to arbitration; nevertheless, if the provisions of the decision that refer to issues submitted to arbitration can be separated from those not submitted to arbitration, the former may be recognized and executed; or

[4] The constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the terms of the agreement signed by the parties or, in the absence of such agreement, that the constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the law of the State where the arbitration took place; or

[5] The decision is not yet binding on the parties or has been annulled or suspended by a competent authority of the State in which, or according to the law of which, the decision has been made.
 . . .

[6] The subject of the dispute cannot be settled by arbitration under the law of that State; or

[7] The recognition or execution of the decision would be contrary to the public policy ("ordre public") of that State.

Inter-American Convention on International Commercial Arbitration, Jan. 30, 1975, S. Treaty Doc. No. 97-12 (1981) (Panama Convention) 1438 U.N.T.S. 250; *see also EGI-VSR, LLC v. Coderch Mitjans*, 963 F.3d 1112, 1121 (11th Cir. 2020) (listing the seven grounds for refusing to

recognize an arbitration award under the Panama Convention: "(1) incapacity or invalidity of the agreement, (2) lack of notice, (3) that the decision concerns a non-arbitrable dispute, (4) violation of the arbitration agreement or relevant law in carrying out the arbitration, (5) '[t]hat the decision is not yet binding on the parties or has been annulled or suspended,' (6) '[t]hat the subject of the dispute cannot be settled by arbitration under the law of [the State of recognition],' and (7) '[t]hat the recognition or execution of the decision would be contrary to the public policy (ordre public) of [the State of recognition].'"). Those seven defenses are the exclusive grounds for vacatur under the Panama Convention. *Tecnicas Reunidas de Talara S.A.C. v. SSK Ingenieria y Construccion S.A.C.*, 40 F.4th 1339, 1344 (11th Cir. 2022). Not only are they exclusive, "'the burden of proof [of establishing one of these defenses] is on the party defending against enforcement of the arbitral award.'" *Empresa De Telecommunicaciones De Bogota S.A. E.S.P. v. Mercury Telco Grp., Inc.*, 670 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009) (quoting *Empresa Constructora Contex Limitada v. Iseki, Inc.*, 106 F. Supp. 2d 1020, 1024 (S.D. Cal. 2000).

## III.   ANALYSIS

Here, there is no dispute that Petitioner has established the jurisdictional prerequisites necessary to prove its prima facie case. *See* ECF No. [1-1] (Arbitral Award); ECF No. [1-2] (Arbitration Agreement). Moreover, Respondents acknowledge in their Answer that this Court has subject matter jurisdiction over the instant proceedings. ECF No. [18] at ¶ 12. Accordingly, the only grounds for refusing to confirm and enforce the parties' arbitral award would be if Respondents had successfully asserted and established one of the seven defenses outlined in Article V of the Panama Convention. *See Tecnicas Reunidas de Talara S.A.C.*, 40 F.4th at 1344; *EGI-VSR, LLC*, 963 F.3d at 1124 ("[A] district court can refuse to confirm an arbitration award only if one of the enumerated exceptions in the Panama Convention applies."). However, as Petitioner correctly points out, Respondents' Answer does not assert any of the seven exclusive

defenses, or otherwise attempt to defend against the enforcement of the arbitral award. As such, the Court confirms and enforces the arbitral award.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Petitioner's Petition to Enforce International Arbitration Award, **ECF No. [1]**, is **GRANTED**.

2. By **August 26, 2026**, Petitioner shall file a proposed final judgment that is consistent with the Court's findings in this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 11, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record